**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4218**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD SHANE NEWSOME,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-03-400)

Submitted:  June 6, 2005          Decided:  March 23, 2006

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Shane Newsome pled guilty pursuant to a written plea agreement and was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2000). The guideline range calculated by the probation officer pursuant to the then-mandatory United States Sentencing Guidelines was 180-210 months' imprisonment. The presentence report ("PSR") reflects that Newsome's initial base offense level was twenty-four because he had two prior felony convictions for "crimes of violence" under the guidelines. The PSR further reflects that at the time of Newsome's arrest, a Glock magazine was found on Newsome's person, a Glock 9 mm semi-automatic handgun was found in the glove box directly in front of Newsome, a Smith and Wesson .40 caliber magazine and two holsters were recovered from the passenger area of the vehicle Newsome had been in, and at least one of the firearms found in Newsome's possession at the time of his arrest had been reported stolen. Newsome's base offense level was thus increased by two levels on the basis that the offense involved three or more firearms, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(1)(A) (2003), and by an additional two levels, pursuant to USSG § 2K2.1(b)(4), because the firearm was stolen. The PSR also reflects an enhancement of Newsome's base offense level from twenty-eight to thirty-three, pursuant to USSG § 4B1.4, comment.(n.1), for being an armed career

- 2 -

criminal. Newsome received a three-level reduction for acceptance of responsibility, pursuant to USSG § 3E1.1(a), bringing his assigned total offense level to thirty. The probation officer placed Newsome at a criminal history category of VI, pursuant to USSG § 4B1.4(c)(1). The statutory minimum sentence for a conviction of possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 924(e) is a term of imprisonment not less than fifteen years. Ultimately, the district court sentenced Newsome to 192 months in prison, a five year term of supervised release, and ordered payment of a $100 special assessment.[1]

Newsome's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting error by the district court in applying the armed career criminal enhancement to Newsome in determining his sentence, but concluding that there are no meritorious grounds for appeal. Newsome filed a pro se supplemental brief, raising issues relating to the Court's holdings in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 206 (2004), and specifically challenging the § 2K2.1(b)(1)(A) two-level enhancement (for an offense involving three or more firearms). Subsequent to the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), this court

---

[1]The district court sentenced Newsome under the mandatory guidelines scheme in place prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and prior to this court's decision in United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

accorded Newsome the opportunity to submit supplemental briefing raising any claims based upon Booker that he wished this court to consider. He filed a supplemental brief, through counsel, challenging the mandatory application of the guidelines to his sentence. In accordance with our discussion below, we affirm Newsome's conviction and sentence.

In Booker, the Supreme Court applied the decision in Blakely to the federal sentencing guidelines and concluded that the Sixth Amendment is violated when a district court imposes a sentence under the sentencing guidelines that is greater than a sentence based solely upon facts found by the jury. Booker, 543 U.S. at 226-27, 245. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 245.

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Hughes, 401 F.3d at 546. This remedial scheme applies to any sentence imposed under the mandatory sentencing guidelines, regardless of whether or not the sentence violates the Sixth Amendment. Id. at 547. As stated in

- 4 -

<u>Hughes</u>, this court will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. <u>Id.</u> at 546-47. Further, this court has stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005); <u>see United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006) ("[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable.").

In this case, as in <u>Hughes</u>, the district court sentenced Newsome by applying the guidelines as a mandatory determinant in sentencing and based upon judicially determined facts found by a preponderance of the evidence.[2] We nonetheless find his sentence to be constitutionally sound.

First, we find no error in the district court's application of the armed career criminal enhancement to Newsome; thus the five-level enhancement to Newsome's base offense level was proper. <u>See United States v. Thompson</u>, 421 F.3d 278, 282, 283-86

---

[2]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "w[e] of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Newsome's sentencing. <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 5 -

(4th Cir. 2005), cert. denied, __ U.S. __, 2006 WL 521274 (U.S. Mar. 6, 2006) (No. 05-7266) (finding that facts "of" prior conviction, including those "normally found in conclusive judicial records," as compared to facts "about" prior conviction, properly may be determined by the court by preponderance of the evidence). Plus, Newsome does not specifically challenge the two-level enhancement pursuant to USSG § 2K2.1(b)(4). Moreover, both parties agree that because of the armed career criminal enhancement under USSG § 4B1.4(b)(3)(B), Newsome's proper guideline range was 180-210 months. As Newsome's sentence of 192 months does not exceed the maximum under this guideline range, we find there was no Sixth Amendment error.[3] See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005). Finally, because he can show no non-speculative basis for concluding that the sentencing court might use its discretion to impose a lesser sentence under an advisory application of the guidelines, Newsome's challenge to the mandatory

---

[3]Excluding the challenged enhancements, and before adjusting for acceptance of responsibility, see United States v. Evans, 418 F.3d 298, 301 n.4 (4th Cir. 2005)(in determining whether Sixth Amendment error occurred, the sentence imposed must be compared to the permissible guideline range before adjusting for acceptance of responsibility), Newsome's adjusted offense level would be 31, which yields an attendant guideline range of 188 to 235 months. The district court's sentence of 192 months' imprisonment was thus within the guideline range even as adjusted for Newsome's appellate challenges.

application of the guidelines is foreclosed by <u>United States v. White</u>, 405 F.3d 208 (4th Cir. 2005).[4]

In accordance with <u>Anders</u>, we have thoroughly examined the entire record for potentially meritorious issues, and have found none. Accordingly, we affirm Newsome's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[4]We also find Newsome's challenge to his sentence under <u>Apprendi</u> to be without merit. The maximum statutory penalty applicable to Newsome's conviction is life imprisonment, 18 U.S.C. § 924(e)(1), and his sentence of 192 months' imprisonment is below that statutory maximum penalty. Hence, <u>Apprendi</u> offers him no relief.